**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-1365

MICHAEL SADLOWSKI, ET AL.,

Plaintiffs, Appellants,

v.

LOUIS BENOIT,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M Gorton, U.S. District Judge]

Before

Campbell and Stahl,
Senior Circuit Judges,
and Lynch, Circuit Judge.

Michael Sadlowski, Jocelyn Sadlowski and Suzanne Sadlowski on brief pro se.
Douglas I. Louison, Stephen C. Pfaff and Merrick, Louison & Costello on brief for appellee.

March 31, 2003

**Per Curiam**. Plaintiffs-appellants Michael, Jocelyn and Suzanne Sadlowski appeal from the district court's grant of summary judgment dismissing their federal claims pursuant to 42 U.S.C. § 1983, against defendant Louis Benoit and remanding their state law claims to state court. "We review a summary judgment de novo, viewing the record in the light most favorable to the nonmoving party to determine whether there exists a genuine issue of material fact." Muniz Cortes v. Intermedics, Inc., 229 F.3d 12 (1st Cir. 2000).

In their brief, appellants base their challenge to the grant of summary judgment on two alleged errors by the district court: 1) in ruling that plaintiffs' Fourth Amendment claim based on a search pursuant to an invalid warrant was precluded under the doctrine of collateral estoppel, and 2) in granting summary judgment sua sponte on the claim contained in ¶ 6 of the amended complaint (threatening manner of the search).

I. Claim That Search Pursuant to Invalid Warrant Violated Plaintiffs' Fourth Amendment Rights

The district court held that the claim that plaintiffs' Fourth Amendment rights were violated by defendant's search of their residence pursuant to an invalid warrant was precluded by a determination by the Leominster District Court, denying for "insufficient evidence" plaintiffs' application for issuance of a criminal complaint against defendant Louis Benoit, pursuant to

-2-

Mass. Gen. Laws ch. 218 §§ 32 - 35A. On appeal, the Sadlowskis argue that the court erred in applying issue preclusion because 1) the issues were not identical, 2) the parties were not the same, and 3) plaintiffs did not receive a "full and fair hearing" in state court.

We need not resolve the problematic question of whether issue preclusion applies here, because we affirm on the alternative ground that plaintiffs have failed to meet their burden of showing a genuine issue of material fact as to the claim deemed precluded. See Four Corners serv. Station, Inc. v. Mobil Oil Corp., 51 F.3d 306, 314 (1st Cir. 1995) (appellate court is free to affirm summary judgment on any ground supported by the record and fairly presented).

"Once a defendant moves for summary judgment and places in issue the question of whether the plaintiff's case is supported by sufficient evidence, the plaintiff must establish the existence of a factual controversy that is both genuine and material. To carry this burden, the plaintiff must 'affirmatively point to specific facts that demonstrate the existence of an authentic dispute.'" Melanson v. Browning-Ferris Indus., Inc., 281 F.3d 272, 276 (1st Cir. 2002).

In opposing summary judgment, plaintiffs relied upon deposition testimony and affidavits of Jocelyn and Suzanne Sadlowski. At best, that evidence established a genuine factual

controversy as to: 1) whether the warrant presented to plaintiffs at the time of the search was signed by a magistrate and had Jeffrey Sadlowski's name on it, and 2) whether it differed in format from the warrant authorizing the search of their home which was on file with the Leominster District Court. However, neither factual controversy is material to plaintiffs' Fourth Amendment claim.

The only specific facts set forth by plaintiffs in support of their claim are Jocelyn and Suzanne Sadlowski's recollections that the warrant they were shown at the time of the search (the "Served Warrant") was unsigned, did not contain Jeffrey Sadlowski's name as the occupant, and was different in format from the one they viewed several days later on file with the Leominster District Court (the "Filed Warrant"). They also rely upon evidence indicating that the Filed Warrant contained folds inconsistent with how defendant demonstrated he would have folded the Served Warrant.

Plaintiffs testified in their depositions that the Served Warrant included a description of the items to be searched for and the place to be searched (the Sadlowskis' home) and they do not contest the adequacy of those descriptions. In their opposition to summary judgment, plaintiffs specifically denied that they were alleging that the affidavit submitted in support of the warrant application was "made-up or invalid." The record includes a copy

of the application for the warrant to search the Sadlowski residence which is dated the day of the search and signed by Assistant Clerk Magistrate Raymond A. Salmon, Jr.[1]  Plaintiffs have not argued that the application and affidavit in support thereof did not establish probable cause to search their home.[2]

Under these circumstances, the contested facts identified by plaintiffs, if proven, would not establish a violation of their Fourth Amendment rights. The lack of a signature on the Served Warrant would not render the search unconstitutional. See United States v. Lipford, 203 F.3d 259, 270 (4th Cir. 2000); United States v. Kelley, 140 F.3d 596, 602 n. 6 (5th Cir. 1998).  The Fourth Amendment does not require that a search warrant "name the person from whom the things will be seized." Zurcher v. Stanford Daily, 436 U.S. 547, 555 (1978).  Plaintiffs' contention that the defendant did not comply with Mass. Gen. Laws ch. 276, § 3, prescribing the methods for issuance of a search warrant, is also insufficient to support a Fourth Amendment claim. See White v. Olig, 56 F.3d 817, 820 (7th Cir. 1995). We conclude that there is no trialworthy issue as to this Fourth Amendment claim and, therefore, summary judgment was appropriate.

---

[1] The record does not include a copy of the supporting affidavit which was incorporated in the application.

[2] Plaintiffs' allegation that the affidavit in support of the search warrant was prepared after the search had been completed is entirely unsubstantiated.

II. <u>Dismissal of Claim that Officer's Threatening Manner Amounted to Constitutional Violation</u>

Appellants challenge the grant of summary judgment on the claim that the "threatening manner" in which defendant conducted the search of Suzanne Sadlowski's bedroom violated her constitutional rights. Even assuming that defendant's summary judgment motion did not encompass this claim, "[i]t is apodictic that trial courts have the power to grant summary judgment sua sponte." <u>Rogan</u> v. <u>Menino</u>, 175 F.3d 75, 79 (1st Cir. 1999). Two conditions precedent must be satisfied before a trial court may enter summary judgment sua sponte: "(1) the case must be sufficiently advanced in terms of pretrial discovery for the summary judgment target to know what evidence likely can be mustered, and (2) the target must have received appropriate notice."<u>Id.</u> The ten-day notice requirement of Rule 56 applies to *sua sponte* grants of summary judgment. <u>Id.</u> at 80. "In the context of a *sua sponte* summary judgment, 'notice' means that the targeted party 'had reason to believe the court might reach the issue and received a fair opportunity to put its best foot forward.'" <u>Leyva</u> v. <u>On the Beach, Inc.</u>, 171 F.3d 717, 720 (1st Cir. 1999) (citation omitted).

Here, both conditions precedent were satisfied. Discovery had been underway for more than a year when defendant moved for summary judgment. The plaintiffs were given notice as of the date of the magistrate judge's Report and Recommendation

(February 15, 2002) that the court was considering entering summary judgment as to the "threatening manner" claim.  In their opposition to the Report, plaintiffs could have argued that there were disputed facts concerning that claim.  Instead, they merely pointed out that defendant had not moved for summary judgment as to that specific claim.  Summary judgment entered on March 1, 2002, more than ten days after plaintiffs had received notice.  Therefore, the district court did not err in sua sponte entering summary judgment as to the claim contained in paragraph 6 of the amended complaint.[3]

Affirmed.

---

[3] On the merits, appellants do not dispute the district court's ruling that their allegations "do not come close to establishing the type of conduct necessary to establish a constitutional violation, i.e., that Sgt. Benoit acted unreasonably." Instead, they argue only that defendant's conduct violated Mass. Gen. Laws ch. 12, §11i.  "By the terms of the statute itself, a section 1983 claim must be based upon a *federal* right." Ahern v. O'Donnell, 109 F.3d 809, 815 (1st Cir. 1997).