**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1211
_____

MICHELE LOGLISCI DONNELL, Individually and as Executrix of the Estate of
GREGORY JAMES DONNELL, deceased,

Appellant

v.

CORRECTIONAL HEALTH SERVICES, INC.; COUNTY OF OCEAN; OCEAN
COUNTY DEPARTMENT OF CORRECTIONS; THEODORE HUTLER, Individually
and as a Warden for Ocean County Department of Corrections; NOUREDDINE
HENDERSON; ROBERT BURNS; JESSICA CLAYTON; MICHAEL HARTMAN;
WILLIAM BOETTGER; ERIC ZENTZIS; ROBERT C. STUERZE; MARTIN S.
PASKO; V. HUGHES (CORRECTIONAL OFFICERS); DONATO J. SANTANGELO;
MARIA ALICEA; KATHY PETROWSKY; DEBBIE FILARSKI; CARMEN
THOMAS; MICHELLE GAITO (MEDICAL STAFF); JANE DOES 1-10 (Said Names
Representing Fictitious Individual Ocean County Correctional Facility); JOHN & JANE
DOES 11-20 (Said Names Representing Fictitious Individual Physicians and Healthcare
Providers at Ocean County Correctional Facility whose True Names are unknown at this
time); ABC BUSINESS 1-5 (Said Names Representing a Fictitious Corporation,
Partnership, Association or Sole Proprietor, True Names Unknown at this Time)
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-09-cv-03485-001)
District Judge: Honorable Joel A. Pisano
_____

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2010

Before: BARRY, CHAGARES and VANASKIE, <u>Circuit Judges</u>

(Filed December 17, 2010)
_____

_____

VANASKIE, Circuit Judge.

Michele Loglisci Donnell, individually and as executrix of the Estate of Gregory James Donnell, appeals the orders of the District Court granting summary judgment against her and denying her motion for reconsideration. For the reasons that follow, we will affirm in part, vacate in part, and remand for further proceedings.

I.

On July 13, 2009, Donnell, individually and as executrix of the Estate of her late husband, Gregory James Donnell ("Mr. Donnell"), initiated this action in the United States District Court for the District of New Jersey against the County of Ocean, the Ocean County Department of Corrections, the warden and several correctional officers of the Ocean County Department of Corrections, Correctional Health Services, Inc. ("CHS"), and several CHS employees. The Complaint alleged violations of Mr. Donnell's Fifth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 (Counts I, II, and III)[1] arising out of Mr. Donnell's suicide on the third day of his pretrial detention at the Ocean County Jail. Donnell also alleged conspiracy under 42 U.S.C.

---

[1] As clarified by Donnell in her memorandum in opposition to the Ocean County Defendants' motion for summary judgment, Count I, brought against all defendants, alleged "deliberate indifference to [Mr. Donnell's] serious medical needs and . . . failure to provide [Mr. Donnell] essential supervision, medication and/or medical care." (A. 78.) Counts II and III alleged that Ocean County, the Ocean County Department of Corrections, and CHS "fail[ed] to detain [Donnell] in a[n] adequately designed cell" and "fail[ed] to train or adequately supervise their employees to ensure the constitutional rights of inmates are not violated by the actions of its employees or agents." (Id.)

§ 1985 (Count IV), in addition to violations of the New Jersey Constitution (Count V), and a number of state tort claims (Counts VI, VII, VIII, and IX).

On September 8, 2009, less than two months after Donnell initiated this litigation, the County of Ocean, the Ocean County Department of Corrections, the warden, and the correctional officers (collectively, the "Ocean County Defendants") moved for summary judgment. On December 15, 2009, the District Court granted summary judgment in favor of all defendants. It appears that the District Court believed that all defendants in the action, including CHS – the independent contractor providing medical services at the Ocean County Jail – and its employees (collectively, the "CHS Defendants"), had moved for summary judgment. With respect to Donnell's § 1983 claims, the District Court concluded that "[w]hile . . . there is no dispute as to whether the Defendants acted under color of state law" (A. 7), Donnell had failed to present sufficient evidence to create a genuine issue of material fact as to whether defendants had violated Mr. Donnell's constitutional rights.

On December 29, 2009, Donnell filed a motion for reconsideration. Pertinent to this appeal, Donnell argued that the District Court had made a clerical error in granting summary judgment in favor of the non-moving CHS Defendants and requested that all nine counts be reinstated against them. Donnell additionally argued that the District Court had erred in granting summary judgment in favor of the CHS Defendants on the state tort claims on the ground that Donnell had failed to comply with the notice of claim requirements of the New Jersey Tort Claims Act ("NJTCA"). Donnell argued that those

requirements apply only to public entities and public employees – not private actors like the CHS Defendants.

The District Court granted in part and denied in part Donnell's motion for reconsideration. As relevant here, the District Court initially noted that Donnell's federal claims (Counts I, II, III, and IV) were dismissed as to all defendants. Addressing Donnell's request that all nine counts be reinstated against the non-moving CHS Defendants, the District Court in a footnote observed that "in light of the fact that 42 U.S.C. § 1983 claims require a state actor, the acts of the seven non-public entities could not constitute a § 1983 violation." (A. 19 n.1.) The District Court went on to clarify its disposition of the state tort claims. Because, as Donnell noted in her motion for reconsideration, the notice of claim requirements under the NJTCA do not apply to tort claims against independent contractors, the District Court revised its earlier dismissal of the state tort claims (Counts VI, VII, VIII, and IX) as to all defendants, dismissing the claims only as to the Ocean County Defendants. Having dismissed all of Donnell's federal claims, the District Court declined to exercise supplemental jurisdiction over the state tort claims against the CHS Defendants, and the claim under the New Jersey Constitution (Count V) against all defendants.

Donnell appeals the orders granting summary judgment and granting and denying in part her motion for reconsideration insofar as they concern the CHS Defendants and

the District Court's decision to decline exercise of supplemental jurisdiction.[2]  Donnell

challenges the District Court's assertion that the CHS Defendants could not qualify as

"state actors" against whom Donnell could pursue a cause of action under § 1983.

Donnell argues that the CHS Defendants acted under color of state law in treating

Donnell, and asserts that she has stated a valid cause of action under § 1983 against them.

Donnell accordingly requests that the Court reinstate the § 1983 claims (Counts I, II, and

III) against the CHS Defendants, as well as the state law claims over which the District

Court declined to exercise supplemental jurisdiction after it dismissed the federal claims,

namely, the state tort claims (Counts VI, VII, VIII, and, IX) against the CHS Defendants,

and the claim under the New Jersey Constitution (Count V) against all defendants.

## II.

The District Court had jurisdiction over Donnell's federal law claims pursuant to

28 U.S.C. §§ 1331 and 1343, and over her state law claims pursuant to 28 U.S.C.

§ 1367(a).  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise

plenary review over the District Court's order granting summary judgment.  Anderson v.

Wachovia Mortg. Corp., 621 F.3d 261, 267 (3d Cir. 2010).  "We review a denial of a

_____

[2] Donnell does not challenge the District Court's determination that she failed to present sufficient evidence to defeat the Ocean County Defendants' summary judgment motion on her federal law and state tort claims.  Nor does she challenge the District Court's denial of her motion for reconsideration insofar as it concerned the federal law and state tort claims asserted against the Ocean County Defendants.  Thus, we need not address those aspects of the District Court's rulings.  The only relief that Donnell seeks on this appeal in relation to the Ocean County Defendants is the reinstatement of her state constitutional claim against them in the event that the dismissal of the federal law claims against the CHS Defendants is reversed.  Finally, Donnell does not seek reinstatement of the § 1985 claim against the CHS Defendants presented in Count IV.

motion for reconsideration for abuse of discretion, but we review the District Court's underlying legal determinations de novo and factual determinations for clear error." Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010) (citation omitted).

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2) (2009).[3] District courts may grant summary judgment sua sponte in appropriate circumstances. Gibson v. Mayor & Council of Wilmington, 355 F.3d 215, 222 (3d Cir. 2004). A court may not enter judgment, however, without "first placing the adversarial party on notice that the court is considering a *sua sponte* summary judgment motion" and providing that party "an opportunity to present relevant evidence in opposition to that motion." Chambers Dev. Co. v. Passaic Cnty. Utils. Auth., 62 F.3d 582, 584 n.5 (3d Cir. 1995). Notice is satisfied if "the targeted party had reason to believe the court might reach the issue and received a fair opportunity to put its best foot forward." Gibson, 355 F.3d at 223 (quoting Leyva v. On the Beach, Inc., 171 F.3d 717, 720 (1st Cir. 1999)) (internal quotation marks omitted). We have recognized an exception to the notice requirement in cases where summary judgment is granted sua sponte where the following conditions are present: "(1) the point at issue is purely legal;

---

[3] We note that despite the recent amendments to Rule 56(c), "[t]he standard for granting summary judgment remains unchanged." Fed. R. Civ. P. 56 Advisory Committee Notes, 2010 Amendments.

6

(2) the record was fully developed[;] and (3) the failure to give notice does not prejudice the party." Gibson, 355 F.3d at 219. We, however, have not yet decided whether a sua sponte grant of summary judgment would be appropriate in a case where some but not all three conditions are present. Id. at 224.

III.

The record does not indicate that the District Court gave any notice to Donnell before granting summary judgment sua sponte in favor of the CHS Defendants.[4] Nor do we think that the Ocean County Defendants' motion for summary judgment put Donnell on notice of the possibility that summary judgment might also be granted in favor of the CHS Defendants. Indeed, Donnell's memorandum in opposition, styled "Plaintiff's Memorandum of Points and Authorities In Opposition To The Summary Judgment Motion of [the Ocean County Defendants]," exclusively addressed whether the Ocean County Defendants were entitled to summary judgment, indicating that Donnell was not on notice that the District Court would also be contemplating a grant of summary judgment in favor of the CHS Defendants.

---

[4] Because it appears that the District Court believed that all defendants in the action had moved for summary judgment, its order directing entry of summary judgment in favor of the CHS Defendants was more likely a clerical error, as opposed to a sua sponte determination. However, after being made aware by Donnell's motion for reconsideration that not all defendants had moved for summary judgment, the District Court nonetheless reiterated in the order disposing of the motion for reconsideration that it was dismissing the federal claims as to all defendants. We consequently construe the District Court's grant of summary judgment to the CHS Defendants as one made sua sponte.

7

Furthermore, none of the three conditions that would permit us to waive the notice requirement are present in this case. First, the decision to grant summary judgment was not based on a "purely legal" issue.[5] A plaintiff in a pretrial detainee prison suicide case must establish each of the following three elements to establish a violation of due process: "(1) the detainee had a particular vulnerability to suicide, (2) the custodial officer or officers knew or should have known of that vulnerability, and (3) those officers acted with reckless indifference to the detainee's particular vulnerability."[6] Colburn v.

---

[5] As noted above, in the order granting in part and denying in part Donnell's motion for reconsideration, the District Court observed that "in light of the fact that 42 U.S.C. § 1983 claims require a state actor, the acts of the seven non-public entities could not constitute a § 1983 violation." (A. 19 n.1.) We believe that this statement may be interpreted in two ways. The District Court may have meant that because the CHS Defendants are private entities, they could not be state actors for the purposes of § 1983. Certainly, a dismissal of the § 1983 claims against the CHS Defendants on such a basis would have been improper. Section 1983 authorizes claims alleging the deprivation of federal rights against every "person" acting "under color of" state law, 42 U.S.C. § 1983, and it is well-settled that private actors may be regarded as acting under color of state law. Alternatively, the District Court may have meant that the CHS Defendants were not acting under color of state law, and thus could not be liable under § 1983. This conclusion would also be erroneous; we do not think there is any dispute that the CHS Defendants, though not directly employed by the state, acted under color of state law in providing medical services to Mr. Donnell at the Ocean County Jail. See West v. Atkins, 487 U.S. 42, 54 (1988) ("[A] physician employed by [a state] to provide medical services to state prison inmates[] act[s] under color of state law for purposes of § 1983 when undertaking his duties in treating [a prisoner's] injury."). Notably, the CHS Defendants on appeal do not even argue that they were not acting under color of state law. Ultimately, because we find the District Court clearly erred in holding that the CHS Defendants were not state actors who could be held liable under § 1983, for the purposes of our analysis we assume that the District Court granted summary judgment in favor of the CHS Defendants on the same basis that it granted summary judgment to the Ocean County Defendants – that Donnell failed to create a genuine issue of material fact as to the asserted liability of the CHS Defendants on her § 1983 claims.

[6] We note that because Mr. Donnell was a pretrial detainee and not a convicted prisoner, Donnell's § 1983 claims are cognizable under the Due Process Clause of the

<u>Upper Darby Twp.</u>, 946 F.2d 1017, 1023 (3d Cir. 1991) (internal quotation marks omitted). Certainly, whether Mr. Donnell had a particular vulnerability to suicide, whether the individual CHS Defendants knew or should have known of the vulnerability, and whether the individual CHS Defendants acted with reckless indifference to that vulnerability require a fact-intensive assessment of the record. Consequently, the failure to provide Donnell notice that the District Court was considering summary judgment in favor of the individual CHS Defendants cannot be waived on the basis that summary judgment in their favor involved the resolution of purely legal issues.

In this regard, we have recognized a distinction between corrections defendants and health care defendants in the context of claims involving indifference to an inmate's health care issues. Thus, for example, in <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 (3d Cir. 2004), and <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 69 (3d Cir. 1993), we sustained the dismissal of corrections defendants but reversed the dismissal of health care defendants in the context of claims asserting that both types of defendants had been deliberately indifferent to the inmate's health care needs. As we explained in <u>Spruill</u>:

> If a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators,

Fourteenth Amendment, as opposed to the Cruel and Unusual Punishment Clause of the Eighth Amendment. <u>See</u> <u>Boring v. Kozakiewicz</u>, 833 F.2d 468, 471 (3d Cir. 1987) ("Pretrial detainees are not within the ambit of the Eighth Amendment but are entitled to the protections of the Due Process clause.").

> physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor. Moreover, under such a regime, non-medical officials could even have a perverse incentive not to delegate treatment responsibility to the very physicians most likely to be able to help prisoners, for fear of vicarious liability.

Spruill, 372 F.3d at 236. Where, as here, the record suggests that the prison delegated to a private company the responsibility of conducting medical assessments of newly-admitted inmates, it may be that corrections defendants could not have the requisite culpable state of mind, while the health care professionals could be found liable.

Thus, the fact that the plaintiff cannot show the requisite state of mind with respect to corrections defendants does not mean that the plaintiff would be unable to present a triable issue of fact as to health care defendants. In this case, Donnell did not have the opportunity (or need) to marshal her evidence as to the CHS Defendants, who answered the Complaint, participated in discovery, and did not join the Ocean County Defendants' summary judgment motion.

Second, we cannot conclude that the record here was fully developed. On October 23, 2009, the District Court issued an "Initial Scheduling Order," which required discovery to be completed by December 31, 2009. The District Court granted summary judgment on December 15, 2009, approximately two weeks prior to the discovery deadline. Although the record fails to make clear the exact status of discovery between the CHS Defendants and Donnell at the time of the grant of summary judgment, according to Donnell, discovery was ongoing with five CHS parties – CHS, Dr. Donato J.

10

Santangelo, Dr. Michelle Gaito, Maria Alicea, and Carmen Thomas, but had not yet begun with the remaining two CHS parties – Debbie Filarski and Kathy Petrowsky (apparently due to the fact that Filarski had never filed an answer, and Donnell had been unable to effect service on Petrowsky). Furthermore, it appears that Donnell had not obtained any discovery from the Ocean County Defendants prior to the entry of summary judgment.[7] In light of the incomplete state of discovery, we are unable to conclude that the District Court granted summary judgment in favor of the non-moving CHS Defendants on anything other than a notably undeveloped record.

Third, we cannot conclude that the failure to give Donnell notice that the District Court was considering a sua sponte grant of summary judgment did not prejudice Donnell. Again, the issue of whether the individual CHS Defendants violated Mr. Donnell's due process rights involves highly fact-specific inquiries, and there is no indication that the factual record was fully developed below. With notice and an opportunity to oppose the grant of summary judgment in favor of the CHS Defendants, Donnell could have presented facts indicating a genuine issue for trial as to the § 1983

---

[7] As part of her motion for reconsideration, Donnell requested that the District Court reinstate Counts I, II, and III of the Complaint against the Ocean County Defendants to allow Donnell an opportunity to conduct discovery. The District Court denied Donnell's request on the ground that she had failed to file an affidavit under Rule 56(f) identifying "with specificity what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." Bradley v. United States, 299 F.3d 197, 206 (3d Cir. 2002) (internal quotation marks omitted). Inasmuch as we find that Donnell did not have notice of the possible grant of sua sponte summary judgment in favor of the CHS Defendants, Donnell's failure to comply with Rule 56(f) with respect to the Ocean County Defendants' motion for summary judgment is of no consequence to our conclusion that the record below was not fully developed.

liability of the individual CHS Defendants. Indeed, if Donnell possessed sufficient evidence to raise a triable issue of fact on the § 1983 liability of the individual CHS Defendants, she "was under no formal compulsion to marshal[] . . . [that] evidence," Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1070 (3d Cir. 1990), in a response to the Ocean County Defendants' motion for summary judgment. Furthermore, to the extent Donnell did not possess sufficient evidence to create a triable issue of fact on the § 1983 liability of the individual CHS Defendants, we cannot be sure that further discovery from CHS and its employees would not have yielded such evidence. Consequently, we cannot rule out the possibility that Donnell was not prejudiced by the entry of summary judgment in favor of the CHS Defendants.

Accordingly, we conclude that because Donnell did not have "reason to believe the court might reach the issue" and did not "receive[] a fair opportunity to put [her] best foot forward[,]" Gibson, 355 F. 3d at 223 (quoting Leyva, 171 F.3d at 720) (internal quotation marks omitted), and because none of the recognized exceptions to the notice requirement are applicable, the District Court erred in granting summary judgment sua sponte in favor of the CHS Defendants.

IV.

For the foregoing reasons, we will affirm the grant of summary judgment in favor of the Ocean County Defendants on Donnell's federal claims (Counts I, II, III, and IV) and state tort claims (Counts VI, VII, VIII, and IX), affirm the grant of summary judgment in favor of the CHS Defendants on Donnell's § 1985 claim (Count IV), vacate

12

the grant of summary judgment in favor of the CHS Defendants on Donnell's § 1983 claims (Counts I, II, and III), and remand for further proceedings. Additionally, because we will reverse the grant of summary judgment in favor of the CHS Defendants on Donnell's § 1983 claims, we will also reverse the dismissal for lack of supplemental jurisdiction over the state tort claims (Counts VI, VII, VIII, and IX) against the CHS Defendants and the New Jersey Constitution claim (Count V) against both the CHS Defendants and the Ocean County Defendants. On remand, the District Court should reevaluate whether to exercise supplemental jurisdiction over these state law claims.