NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———

No. 12-4426
———

ANGELA ZIMMERLINK
Appellant

v.

VINCENT ZAPOTSKY; VINCENT VICITES; FAYETTE COUNTY

———

On Appeal from the United States District Court for the
Western District of Pennsylvania
(District Court No. 2-10-cv-00237)
Magistrate Judge: Honorable Cynthia Reed Eddy

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 10, 2013

Before:  SMITH, GARTH, and SLOVITER, *Circuit Judges*

(Filed: September 13, 2013)

———

OPINION
———

GARTH, *Circuit Judge*.

Appellant, Angela Zimmerlink, appeals from an order of the Magistrate

Judge (Eddy, J.) granting summary judgment to defendants-appellees Vincent

Zapotsky, Vincent Vicites, and Fayette County ("the County").

We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons that follow, we will affirm the judgment of the Magistrate Judge.

I

Because we write principally for the benefit of the parties, we recite only those facts necessary to our disposition. Zimmerlink is one of three elected County Commissioners of the Board of Commissioners ("the Board") for Fayette County, Pennsylvania. At all times relevant to this case, Zimmerlink served on the Board alongside Zapotosky and Vicites, both of whom are Democrats. As the sole Republican Commissioner, Zimmerlink frequently clashed with her Democratic colleagues and served as a dissenting vote and voice.

Between January 2008 and December 2010, hostilities escalated among the Commissioners. Zapotosky and Vicites allegedly arranged numerous secret meetings to discuss County business without providing notice to Zimmerlink or seeking her input. Additionally, the two Democratic Commissioners allegedly engaged in contractual negotiations with developers and other third parties. When debates over the 2010 budget grew polarized, Zapotosky and Vicites skipped meetings with Zimmerlink but continued planning a budget together and meeting with other County officials regarding County finances. Because of her exclusion from clandestine meetings and resulting lack of knowledge about County affairs, Zimmerlink "was forced to abstain" from five Board votes regarding County staffing and contracting issues. Appendix at 18.

2

The alleged conspiracy against Zimmerlink also resulted in a lawsuit by a local family against the County. On January 16, 2009, the Cellurale family sued the County and Zimmerlink for selectively enforcing the County zoning code against the family's land. Zimmerlink alleges that Zapotosky was a friend of the Cellurale family and encouraged them to sue Zimmerlink in retaliation for her political opposition to Zapotosky and Vicites. The case settled prior to discovery.

While the Cellurale case was still pending, however, Zimmerlink alleges that Zapotosky and Vicites refused to cooperate with her in the County's defense. She alleges that they "instructed a county employee to manipulate the minutes of the November 19, 2009 Board meetings [sic] to mischaracterize public comments" related to the Cellulare lawsuit to "vilify" her. Id. at 39. Additionally, despite instructions from the County's counsel to refrain from commenting publicly on the lawsuit, both Zapotosky and Vicites made public statements and wrote editorials blaming Zimmerlink for zoning enforcement issues. Zimmerlink alleges that because of the other Commisioners' conduct, she was forced to hire her own attorney at her own expense. [1]

On December 20, 2010, Zimmerlink filed an amended complaint brought pursuant to 42 U.S.C. § 1983[2] alleging violations of her First and Fourteenth

---

[1] The County subsequently retained separate counsel for Zimmerlink.

[2] 42 U.S.C. § 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

3

Amendment rights. She generally asserted that: (1) she had been retaliated against because of her political views and political speech in violation of her rights under the First Amendment; and (2) this retaliation had violated her right to equal protection of the law under a "class of one" theory.

Defendants moved to dismiss the amended complaint. The District Court (Cercone, J.), on recommendation of Magistrate Judge Cathy Bissoon, denied the motion. Following discovery, defendants moved for summary judgment. As to the First Amendment claim, defendants argued that: (1) Zimmerlink failed to adduce evidence to establish that she was retaliated against because of her political affiliation or any other protected speech; and (2) they were shielded by qualified immunity. As to the Equal Protection claim, defendants argued that: (1) there was insufficient evidence to establish that they had violated Zimmerlink's rights under the Equal Protection Clause; and (2) the Equal Protection claim was duplicative of the First Amendment claim. Finally, defendants argued that because the First Amendment retaliation and Equal Protection claims were deficient, any claims against the County must also be dismissed.

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

4

On November 29, 2012, the Magistrate Judge granted defendants' motion for summary judgment.[3] The Magistrate Judge held that the alleged acts of retaliation were insufficient "to deter a person of ordinary firmness from exercising her First Amendment rights." Id. at 11; McKee v. Hart, 436 F.3d 165, 170 (3d Cir. 2006) (quoting Suppan v. Dadonna, 203 F.3d 228, 234-35 (3d Cir. 2000)). On this ground, the Magistrate Judge granted summary judgment on the First Amendment claim and did not reach issue of causation defendants' had raised.

As to the Equal Protection claim, the Magistrate Judge held that a "'class of one' equal protection claim is not cognizable in the public employment context." App'x at 18 (citing Engquist v. Oregon Dep't of Agr., 553 U.S. 591 (2008)). Further, the Magistrate Judge held that even if the claim were legally cognizable, Zimmerlink had "failed to adduce evidence that Defendants had no rational basis for treating her differently. To the contrary, it is axiomatic and expected in the political arena that elected officials treat political allies differently than political foes." Id.

Finally, as to the question of the County's municipal liability, the Magistrate Judge also granted summary judgment because: (1) Zimmerlink's underlying claims against Zapotosky and Vicites had failed; and (2) even if Zimmerlink had successfully alleged any constitutional violations, the record

---

[3] The case was reassigned to Magistrate Judge Eddy on October 27, 2011, and the parties subsequently consented to her jurisdiction.

failed to show how any municipal law, policy, custom, rule, or regulation contributed to the violation of her rights under the standard for municipal liability articulated in <u>Monell v. New York City Dept. of Soc. Servs.</u>, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

This timely appeal followed.

## II

We review a district court's grant of summary judgment *de novo*. <u>Viera v. Life Ins. Co. of N. Am.</u>, 642 F.3d 407, 413 (3d Cir. 2011). We must determine, therefore, whether the record, when viewed in the light most favorable to the non-movant, shows that there is no genuine issue of material fact and that the movant is entitled to summary judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).

## III

This appeal presents two primary issues: (1) whether the Magistrate Judge improperly granted summary judgment *sua sponte* on the basis of the "person of ordinary firmness" element of the First Amendment claim; and (2) whether the Magistrate Judge erred in deciding that Zimmerlink's claims were deficient as a matter of law.

6

We first address Zimmerlink's contention that the Magistrate Judge improperly granted summary judgment *sua sponte* on the "person of ordinary firmness" element.

In order to state a § 1983 claim for retaliation in violation of the First Amendment, a plaintiff must show "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006). "[T]he key question in determining whether a cognizable First Amendment claim has been stated is whether 'the alleged retaliatory conduct was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights.'" McKee v. Hart, 436 F.3d 165, 170 (3d Cir. 2006) (quoting Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000)); see also Crawford-El v. Britton, 523 U.S. 574, 589 n. 10 (1998) ("The reason why such retaliation offends the Constitution is that it threatens to inhibit exercise of the protected right.").

Fed. R. Civ. P. 56(f) provides that "[a]fter giving notice and a reasonable time to respond, the court may . . . (2) grant the motion on grounds not raised by a party . . . ." Notice is sufficient when "the targeted party 'had reason to believe the court might reach the issue and received a fair opportunity to put its best foot forward.'" Gibson v. Mayor & Council of City of Wilmington, 355 F.3d 215, 223-24 (3d Cir. 2004) (quoting Leyva v. On the Beach, Inc., 171 F.3d 717, 720

7

(1st Cir.1999)).  Further, no additional notice is required if there is: (1) a fully developed record; (2) a lack of prejudice to the parties; and (3) a decision on a purely legal issue.  Id. at 224.  Even if a court fails to comply with the requirements of Rule 56(f), however, any such error "may be excused if the failure was a 'harmless error.'" Rose v. Bartle, 871 F.2d 331, 342 (3d Cir. 1989).

In their motion for summary judgment, defendants focused their First Amendment argument primarily on the causation prong of the retaliation inquiry. Nevertheless, their briefing and Zimmerlink's response clearly revolved around the ability of one elected official to bring a First Amendment retaliation claim against other elected officials.  While the "person of ordinary firmness" element was not the explicit thrust of either side's arguments, the parties recited the correct legal standard that included this element and raised arguments that were applicable to all three elements.  In ruling on the motion, the Magistrate Judge did not address the causation prong because the allegedly retaliatory action did not reach the requisite deterrent threshold.

We hold that the Magistrate Judge did not improperly grant summary judgment *sua sponte* on a new issue; rather, the Magistrate Judge focused on an element that was essential to, but did not comprise the brunt of, defendants' argument.  Cf. Armour v. County of Beaver, Pa., 271 F.3d 417, 433 (3d Cir. 2001) (reversing a district court's decision when summary judgment was granted *sua sponte* on an issue that the movant had argued should be reserved for a jury).

8

To the extent that the Magistrate Judge did not provide the specific notice outlined in Rule 56(f), however, this case satisfies the requirements outlined in Gibson, *supra*, making additional notice unnecessary. First, the extensive record fails to demonstrate – and Zimmerlink fails to argue – that inadequate discovery occurred or that the parties did not examine the facts relevant to the "person of ordinary firmness" inquiry. Second, the record and Zimmerlink's arguments do not establish prejudice.[4] And third, the Magistrate Judge's decision rests on a purely legal issue.

IV

While Zimmerlink may have satisfied the first requirement of a First Amendment retaliation claim, she has not satisfied the second requirement that the retaliatory conduct must have been "sufficient to deter a person of ordinary firmness from exercising his constitutional rights." Thomas, 463 F.3d at 296.

In Monteiro, this Court emphasized the clear right of elected public officials to disagree publicly with other government officials. 436 F.3d at 404. In Monteiro, the plaintiff council member (Monteiro) engaged in a spirited dispute with the council president during a public council meeting. Id. at 400. In an effort to silence Monteiro, the council president ordered municipal officers to arrest Monteiro and remove him from the meeting. Id. at 401. However, Monteiro,

---

[4] Because of the absence of prejudice, any error in not providing additional notice was harmless. Rose, 871 F.2d at 342.

9

relied upon by Zimmerlink, is not this case. While Zimmerlink argues that Zapotosky and Vicites met without her both as a pair and with third parties, the record fails to demonstrate that they prevented her from speaking or enacted the sort of formal punishment that the council president employed in Monteiro. A retaliation claim is not the proper vehicle for the resolution of quotidian disputes among elected officials. Cf. Tenney v. Brandhove, 341 U.S. 367, 378 (1951) ("In times of political passion, dishonest or vindictive motives are readily attributed to legislative conduct and as readily believed. Courts are not the place for such controversies. Self-discipline and the voters must be the ultimate reliance for discouraging or correcting such abuses." (footnote omitted)). If we were to allow Zimmerlink's claim to go forward, "it would . . . subject[] to judicial review all sorts of politically motivated conduct committed within the confines of legislatures and best left within the legislative sphere." Camacho v. Brandon, 317 F.3d 153, 161 (2d Cir. 2003). Further, "[i]t would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise." Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000) (quoting Bart v. Telford, 677 F.2d 622 (7th Cir.1982)).

The facts alleged in this case – the harassment, the stealthy negotiating with third parties, and the public statements – may have been unpleasant and unprofessional, but they hardly approach the extreme conduct that gives rise to a

10

First Amendment retaliation claim.[5]  Cf. Camacho, 317 F.3d at 166 (Walker, J.,

concurring) ("courts should intervene in *only the most severe* cases of legislative

retaliation for the exercise of First Amendment rights, thereby allowing ample

room for the hurly burly of legislative decisionmaking." (emphasis added)).

Finally, we hold that Zimmerlink's remaining claims are also legally

deficient.  Zimmerlink concedes that her equal protection claim is "functionally

identical to" her retaliation cause of action.  Like the First Amendment claim,

therefore, it must fail.  The Supreme Court has "recognized successful equal

protection claims brought by a 'class of one,' where the plaintiff alleges that she

has been intentionally treated differently from others similarly situated and that

there is no rational basis for the difference in treatment."  Vill. of Willowbrook v.

Olech, 528 U.S. 562, 564 (2000).  In this case, the dispute in question is a political

one, and Zimmerlink has provided no basis to conclude that it is irrational that a

politician would treat a political ally differently than a political opponent.

Additionally, because no claims against the individual defendants survive,

Zimmerlink's municipal liability claims against the County were properly

dismissed by the Magistrate Judge.  See Williams v. West Chester, 891 F.2d 458,

467 (3d Cir. 1989).

---

[5] Because Zapotsky's and Vicites's conduct was insufficient to deter a person of ordinary firmness from exercising her First Amendment rights, we do not address the causation element of the retaliation claim.

The judgment of the Magistrate Judge will therefore be affirmed.