NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2935
_____

CITIZENS FOR PENNSYLVANIA'S FUTURE,
                    Appellant

v.

PITTSBURGH WATER & SEWER AUTHORITY;
CITY OF PITTSBURGH


PITTSBURGH WATER & SEWER AUTHORITY,
                                        Third Party Plaintiff

v.

THE BUNCHER COMPANY,
                              Third Party Defendant


_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. Civil Action No. 2-12-cv-00943 )
Magistrate Judge: Honorable Robert C. Mitchell
_____


Argued on April 29, 2015

Before: FISHER, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: October 27, 2015)

Heather M. Langeland, Esquire
Citizens for Pennsylvania's Future
200 First Avenue, Suite 200
Pittsburgh, PA 15219

Kurt J. Weist, Esquire                    **(Argued)**
PennFuture
610 North Third Street
Harrisburg, PA 17101

                    Counsel for Appellant

Danny P. Cerrone, Jr., Esquire
Mark F. Nowak, Esquire
David G. Ries, Esquire                    **(Argued)**
Clark Hill
301 Grant Street
One Oxford Centre, 14th Floor
Pittsburgh, PA 15219

                    Counsel for Appellee Pittsburgh Water & Sewer Authority

Michael E. Kennedy, Esquire
City of Pittsburgh
Department of Law
414 Grant Street
313 City County Building
Pittsburgh, PA 15219

                    Counsel for Appellee City of Pittsburgh

Joseph F. McDonough, Esquire
James G. McLean, Esquire
Buchanan Ingersoll & Rooney
301 Grant Street
One Oxford Centre, 20th Floor
Pittsburgh, PA 15219

                    Counsel for Appellee The Buncher Company

---

OPINION[*]

---

ROTH, <u>Circuit Judge</u>

Citizens for Pennsylvania's Future (CPF) appeals the District Court's grant of summary judgment in favor of the Pittsburgh Water & Sewer Authority and the City of Pittsburgh (collectively PWSA) in connection with CPF's citizen suit for alleged violations of the Clean Water Act and Pennsylvania Clean Streams Law. CPF argues that the Magistrate Judge[1] (1) improperly granted summary judgment on a ground not raised by PWSA, (2) erred in granting summary judgment because failure to enforce an ordinance adopted pursuant to the EPA permit for discharge of storm water run-off is an actionable violation of the permit, and (3) abused his discretion in denying CPF's motion to reconsider. For the reasons that follow, we will vacate the District Court's order granting summary judgment and remand the case to the District Court to determine whether the 2010 Ordinance was incorporated into, a condition of, or a requirement for compliance with, the Permit.

I.

This action arises from CPF's citizen suit alleging that PWSA and the City violated the Permit by failing to enforce provisions of the 2010 Ordinance in connection

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] All parties consented to jurisdiction before the Magistrate Judge. *See* 28 U.S.C. § 636 *et seq.*

with the Eleventh Street Project. The Eleventh Street Project is a redevelopment project undertaken by The Buncher Company in downtown Pittsburgh. CPF contends in the suit that the 2010 Ordinance was passed pursuant to the Permit, and therefore its non-enforcement gives rise to a cause of action under the CWA.

On September 9, 2013, PWSA filed a motion for summary judgment on the ground that the 2010 Ordinance "is not incorporated into, a condition of, or requirement for compliance of the Permit."[2] PWSA asserted that, while the 2007 Ordinances "became part of the [Permit]" upon their adoption, the 2010 Ordinance was independent of the Permit. In its response brief, CPF acknowledged that its claim rests on the 2010 Ordinance only and argued that the 2010 Ordinance, like the 2007 Ordinances, is part of the stormwater management program under the Permit. On December 27, 2013, the Magistrate Judge "temporarily denied" summary judgment "as to the application of the 2010 Ordinance" because the parties did not cite to any legal authority to support their arguments.[3] The Magistrate Judge directed PWSA "to file a renewed motion and brief in support of summary judgment as to this claim only."[4]

On January 31, 2014, PWSA filed a renewed motion for summary judgment, again arguing that the 2010 Ordinance "is not incorporated into, a condition of, or requirement for compliance of the Permit at issue in this case."[5] PWSA argued that the 2010 Ordinance imposed requirements that were not included in PADEP's model ordinance,

---

[2] J.A. 69.
[3] *Citizens for Pennsylvania's Future v. Pittsburgh Water & Sewer Auth.*, No. 12-943, 2013 WL 6838690, at \*7 (W.D. Pa. Dec. 27, 2013).
[4] J.A. 174.
[5] J.A. 176.

PADEP had not approved the 2010 Ordinance, and the Permit had not been modified or amended to add the requirements of the 2010 Ordinance. CPF responded that while the 2010 Ordinance exceeded the minimum requirements of PADEP's model ordinance, it was not independent of the Permit and required no separate approval to become part of the stormwater management program.

On April 7, 2014, the Magistrate Judge granted PWSA's renewed motion with respect to the CWA claim. The Magistrate Judge did not address the issue of the 2010 Ordinance's applicability. Instead, he considered "whether an alleged violation of the 2010 Ordinance enacted pursuant to the [Permit] equates to a violation of the [Permit] itself, and thus defies the CWA."[6] The Magistrate Judge held that the plain language of the Permit does not impose a condition "that if the ordinances are violated that this results in a violation of the permit itself."[7]

On May 5, 2014, CPF filed a motion for reconsideration, asserting that the Magistrate Judge decided a different issue than the one presented, and did so erroneously because the Permit and CWA require compliance with *all* terms and conditions of the Permit. The next day, the Magistrate Judge entered an order denying the motion without an opinion. CPF appealed.

II.[8]

---

[6] *Citizens for Pennsylvania's Future v. Pittsburgh Water & Sewer Auth.*, 13 F. Supp. 3d 493, 498 (W.D. Pa. 2014).

[7] *Id.* at 500.

[8] The District Court had jurisdiction over CPF's federal law claim pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

District courts may grant summary judgment on grounds not raised by a party after placing the non-moving party on notice and providing it with "an opportunity to present relevant evidence in opposition to that motion."[9]  Notice is satisfied if "the targeted party had reason to believe the court might reach the issue and received a fair opportunity to put its best foot forward."[10]  We have recognized an exception to the notice requirement in cases where summary judgment is granted *sua sponte* and the following conditions are present:  "(1) the point at issue is purely legal; (2) the record was fully developed[;] and (3) the failure to give notice does not prejudice the party."[11]

PWSA's original and renewed motions for summary judgment focused on whether the 2010 Ordinance applied to the Eleventh Street Project as part of the Permit.  PWSA characterized the 2010 Ordinance as independent of the Permit, and therefore not enforceable under the Permit.  Even on appeal, PWSA maintains it is entitled to summary judgment because "(a) [CPF] failed to establish any legal or factual basis for its claim

---

We exercise plenary review over the District Court's order granting summary judgment.  *See Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 267 (3d Cir. 2010).  "We review a denial of a motion for reconsideration for abuse of discretion, but we review the District Court's underlying legal determinations de novo and factual determinations for clear error."  *Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 246 (3d Cir. 2010) (citation omitted).

[9] *Chambers Dev. Co. v. Passaic Cnty. Utils. Auth.*, 62 F.3d 582, 584 n.5 (3d Cir. 1995); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); Fed. R. Civ. P. 56(f).

[10] *Gibson v. Mayor and Council of the City of Wilmington*, 355 F.3d 215, 223 (3d Cir. 2004) (quoting *Leyva v. On the Beach, Inc.*, 171 F.3d 717, 720 (1st Cir. 1999)) (internal quotation marks omitted).

[11] *Id.* at 219.

that the 2010 Ordinance is enforceable under the Permit and (b) the applicability of the 2010 Ordinance is an essential element of [CPF]'s *prima facie* case."[12]

Despite the parties' singular focus on the 2010 Ordinance's applicability, the Magistrate Judge resolved a different question: whether failure to enforce the standards of the 2010 Ordinance – assuming it applied – constitutes a violation of the Permit. The Magistrate Judge held that under the Permit's terms, failure to enforce an ordinance does not constitute a Permit violation.[13]

Because CPF did not have "reason to believe the court might reach the issue" and did not "receive[ ] a fair opportunity to put [its] best foot forward[,]"[14] the Magistrate Judge erred in granting summary judgment on this ground without providing CPF with notice and a reasonable opportunity to respond.[15]

While we have the discretion to consider whether the District Court's decision may be affirmed on alternative grounds supported by the record, we need not do so.[16] Here, because the record is not sufficiently developed and the District Court never addressed the specific question of whether the 2010 Ordinance was incorporated into, was a condition of, or a requirement for compliance with, the Permit, we decline to consider whether the entry of judgment for PWSA should be affirmed on this ground.

---

[12] PWSA Br. at 17; *see also* PWSA Br. at 24 ("The core issue for summary judgment is the applicability of the 2010 Ordinance.").
[13] *Citizens for Pennsylvania's Future*, 13 F. Supp. 3d at 500.
[14] *Gibson*, 355 F.3d at 223 (quoting *Leyva*, 171 F.3d at 720) (internal quotation marks omitted).
[15] We also find that the Magistrate Judge erred in denying CPF's motion for reconsideration. *See Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).
[16] *See Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 807-08 (3d Cir. 1992); *see also Norfolk S. Ry. Co. v. Basell USA Inc.*, 512 F.3d 86, 97 (3d Cir. 2008).

Instead, we remand to the District Court to answer this question in the first instance, after such briefing, argument, and discovery as it considers necessary.

## III.

For the foregoing reasons, we will vacate the District Court's summary judgment order and remand for further proceedings.