Hadley, J.
On December 2, 2009, Edwin H. Howard (“Howard”) commenced this action against IKO Manufacturing, Inc. (“IKO”) in the Fitchburg Division of the District Court Department. Howard alleges that in September or October, 1990, he purchased shingles manufactured by IKO and applied them to his roof. He claims that the shingles came with a forty- or fifty-year warranty, but began to disintegrate in less than twenty years due to defects. Howard’s eight-count complaint includes claims of negligence, strict products liability, breach of express and implied warranties, fraudulent concealment, breach of contract, unjust enrichment, and violations of G.L.c. 231, §85J.
Howard’s complaint was served on IKO by certified mail pursuant to G.L.c. 223A IKO responded by filing a motion to dismiss for failure to state a claim pursuant to Mass. R Civ. R, Rule 12(b) (6) or, in the alternative, for summary judgment under Mass. R. Civ. R, Rule 56(c). In its motion, which was accompanied by an affidavit, IKO asserted that each of Howard’s claims for breach of express or implied warranty was barred by the applicable statute of limitations, and that none of the remaining *192 counts of his complaint stated a cause of action recognized in this Commonwealth. Howard subsequently filed an amended complaint, adding a claim that IKO had violated G.L.C. 93A. The amended complaint was served on IKO, but no answer was filed. After a hearing, the trial judge allowed IKO’s motion. Howard now appeals the judge’s decision on his claims for breach of express warranty, breach of implied warranty, and violation of G.L.c. 93A.[1]
Before addressing the substance of Howard’s appeal, we note that at the conclusion of the hearing on IKO’s motion, the trial judge stated that he was “only treating this as a 12(b) motion.” In his written decision, the judge stated, “Complaint dismissed Mass. R. Civ. R 12(b) (6), and applying Rule 56(c) standards as well.” Motions brought pursuant to Rule 12(b) (6) must be treated as motions for summary judgment if “matters outside the pleading are presented to and not excluded by the court.” Mass. R. Civ. R, Rule 12(b). Although the motion judge’s statement at the hearing ostensibly reflected his intention to exclude matters outside the pleadings from his consideration, the decision itself does not clearly state that the judge excluded the materials. Under these circumstances, for purposes of appellate review, the order of dismissal will be treated as a Rule 56 entry of summary judgment. See Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 292 (1985); Cousinean v. Laramee, 388 Mass. 859, 860 n.2 (1983); Davidson v. Commonwealth, 8 Mass. App. Ct. 541, 542 n.2 (1979).
To decide whether IKO was entitled to summary judgment, a preliminary determination must be made as to what materials were properly considered by the motion judge. Pursuant to Rule 56, summary judgment motions must be supported by competent evidence. “Supporting and opposing affidavits shall be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence....” Mass. R. Civ. R, Rule 56(e). In this case, the judge could have considered the affidavit of an IKO employee indicating that Howard complained to IKO about the shingles on his house on December 2, 2008. The court also had an affidavit by Howard stating that the shingles on his house “came with a 40 or 50 year written warranty,” and that an unsigned sample or “specimen” warranty IKO attached to its motion was not the warranty that applied to the shingles Howard purchased in 1990. As the sample or specimen warranty produced by IKO was not supported by an affidavit, that document should not have been considered by the motion judge.
Confusing matters to some degree, Howard’s “statement of the case” section of his appellate brief indicates that the terms of the thirty-year limited warranty he obtained from IKO were as stated in the unauthenticated specimen submitted by IKO. Later in his brief, however, Howard complains that “the trial court made no findings as to the actual applicable warranty.” Regardless of whether Howard *193 accepts, or contests, the warranty terms put forth by IKO at the hearing on the motion, the outcome is the same.
If the specimen limited warranty submitted by IKO sets forth the terms applicable to the subject shingles, its express terms limit the time for commencing an action for breach of the limited warranty against IKO to no later than one year after any cause of action accrued. Through its purported limited warranty, IKO warranted that its shingles were “free from manufacturing defects that result in leaks,” and that the warranty would run for thirty years. The limited warranty required that claims for repair or replacement under the warranty be submitted to IKO in writing within thirty days of discovery of any manufacturing defect that resulted in leaks. The limited warranty also provided that “[n]o action for breach of this limited warranty shall be brought later than one year after any cause of action has accrued.”
Howard commenced this action on December 2, 2009. Therefore, if the motion judge considered the limited warranty, the critical issue before the court was whether there was a genuine issue of material fact as to whether Howard’s cause of action accrued before December 2, 2008. If so, the claim would be barred by its terms. Pursuant to G.L.c. 106, §2-725(2), a cause of action for breach of warranty accrues when the breach occurs. “A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.” Id. In a case such as this, involving an express warranty extending to future performance of the goods, the cause of action accrues when the breach is, or should have been, discovered. On this issue, however, IKO submitted no evidence. It simply argued that “Howard, by definition, had to have known of a defect prior to December 2,2008, in order to have made a claim on December 2, 2008.”
This bare argument is not sufficient to carry IKO’s burden to establish that there is no genuine issue as to any material fact. In short, on the record before us, even if it is arguably unlikely, it is nonetheless possible that Howard learned of the alleged breach on December 2, 2008, the day he contacted IKO for the first time. If so, and if the terms of the written specimen warranty offered by IKO apply, his action was timely filed within one year of discovery of an alleged defect.
Without the specimen limited warranty, IKO failed to carry its burden under Rule 56 as to Howard’s claim of a breach of an express warranty. As the moving party, IKO had the burden of affirmatively demonstrating that there is no genuine issue of fact on any relevant issue raised by the pleadings. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991). Howard asserted in his sworn affidavit that he received a written “40 or 50 year” warranty. As IKO’s specimen limited warranty was not properly before the court, the terms of the alleged express warranty were unknown. Even though Howard will ultimately have the burden of proving that his complaint was filed in a timely manner, for the purpose of summary judgment there was nothing submitted by IKO to refute Howard’s sworn statement, or to demonstrate that, as a matter of law, Howard failed to act within the applicable statute of limitations. Once again, viewing the facts in a light favorable to Howard, the record before the court established- only that Howard knew of the alleged breach of an express warranty on December 2, 2008. When a party seeks summary judgment under Rule 56, “[a] conclusory assertion that the nonmoving party has no evidence *194 is insufficient.” Id. at 715, quoting Celotex Corp. v. Catrett, 477 U.S. 317, 332 (1986) (Brennan, J., dissenting). This principle applies both to Howard’s claim of a breach of express warranty and his G.Lc. 93A claim. The latter claim was dismissed because the motion judge believed that all claims were time-barred. As we vacate that ruling, the G.L.c. 93A count remains.
For the above reasons, the order for summary judgment and the dismissal of counts 3 and 9 of Howard’s complaint must be vacated. The court’s order for judgment in favor of IKO on Howard’s claim for breach of implied warranty, however, is affirmed. A claim of that nature, asserted to recover economic loss, is contract-based. Bay State-Spray & Provincetown S.S., Inc. v. Caterpillar Tractor Co., 404 Mass. 103, 107 (1989). As noted above, pursuant to G.L.c. 106, §2-725(2), a cause of action for breach of warranty accrues when the breach occurs, regardless of the aggrieved party’s lack of knowledge of the breach; and the warranty period begins when tender of delivery is made. An exception is made where a warranty explicitly extends to future performance. Unlike a claim for breach of an express warranty extending to future performance, however, an implied warranty, by its nature, does not extend to future performance. New England Power Co. v. Riley Stoker Corp., 20 Mass. App. Ct. 25, 27 n.4 (1985). Consequently, Howard’s claim for breach of implied warranty is barred by the statute of limitations set forth in §2-725(1).
Summary judgment on count 4 of Howard’s complaint is affirmed. Summary judgment on counts 3 and 9 of the complaint is vacated, and the case is returned to the Fitchburg District Court for further proceedings on those counts.
So ordered.

 With regard to Howard’s G.L.c. 93A claim, IKO has suggested that it should not have been considered by the motion judge because Howard did not file a motion to amend his complaint. Rule 15(a) of the Mass. R. Civ. R, however, allows a party to “amend his pleading once as a matter of course at any time before a responsive pleading is served.” A motion is not a responsive pleading under Rule 15(a), and, therefore, the amended complaint was properly filed. See National Equity Props., Inc. v. Hanover Ins. Co., 74 Mass. App. Ct. 917, 918 (2009).