# United States Court of Appeals
## For the First Circuit

No. 20-1986

ARMAND BESSETTE,

Plaintiff, Appellant,

v.

IKO INDUSTRIES, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Timothy S. Hillman, U.S. District Judge]

Before

Lynch, Kayatta, and Barron, Circuit Judges.

Stephen Gordon, with whom Stephen Gordon & Associates was on brief, for appellant.
Robert N. Meltzer, with whom Mountain States Law Group was on brief, for appellee.

March 29, 2022

**BARRON**, **Circuit Judge**.    Armand Bessette appeals the grant of summary judgment to IKO Industries, Inc. ("IKO") on the Massachusetts state-law contractual and consumer-protection claims that he asserted against the company with respect to roofing shingles that it manufactured and that he purchased in 1999.  We affirm.

## I.

We begin by recounting the travel of the case and the following facts which, for purposes of this appeal, are not in dispute.  Bessette purchased the roofing shingles in question for his home in April and May of 1999 from Howe Lumber ("Howe") in East Brookfield, Massachusetts.  He installed them in June of that year.  Invoices from Howe, which Bessette received when he took delivery of the shingles, list the shingles as "WEATHERWOOD CHATEAU 30YR."

Years later, on September 21, 2016, Bessette completed IKO'S "Homeowner's Inquiry Survey" form.  In a field marked, "Describe Concern with Product," Bessette wrote: "shingles are falling apart . . . pictures tell all!"  The form indicates that IKO's warranty services department received the completed form on September 27, 2016.

IKO responded with an offer to pay Bessette $473.55.  He replied on February 16, 2017, with a demand letter for $29,000, the "estimated expense to replace the roof," that he sent "pursuant

to" Massachusetts consumer protection law Mass. Gen. Laws ch. 93A ("Chapter 93A"). IKO replied a little less than two weeks later by restating its offer to pay $473.55. IKO asserted in the reply that "the sole and exclusive contract between the parties" was IKO's "Limited Warranty."

IKO's Limited Warranty from June 1999 states in part that "IKO Industries Inc. . . . warrants to the original consumer-purchaser that the shingles listed . . . are free from manufacturing defects that result in leaks." It lists the "CHATEAU" model of shingles as having a "Warranty Period" of "30" years, and it provides that "[a]fter the first five (5) years from completion of installation, IKO's maximum liability toward repairs or replacement shall be a prorated amount of the current value of the shingles only," computed according to a set proration formula.[1] In addition, the Limited Warranty states, "NO ACTION FOR BREACH OF THIS LIMITED WARRANTY SHALL BE BROUGHT LATER THAN ONE (1) YEAR AFTER ANY CAUSE OF ACTION HAS ACCRUED."

---

[1] Bessette denies that the Limited Warranty applies in his case. Bessette moved to strike the affidavit to which this warranty specimen was appended. The Magistrate Judge's report and recommendations, adopted by the District Court, recommended denying this motion to strike on mootness grounds, reasoning, "the [Magistrate Judge] recommends granting IKO's motions on grounds not related to the Limited Warranty. Therefore, the affidavits are immaterial to the . . . report and recommendation." Bessette v. IKO Indus., Inc., No. 4:19-CV-40017, 2020 WL 6110943, at *5 (D. Mass. Aug. 18, 2020).

In November 2018, after having replaced the shingles on the roof of his home at a cost of $20,000, Bessette filed suit against IKO in Massachusetts state court. The complaint alleged claims under Massachusetts law in connection with the alleged premature deterioration of the shingles for (1) breach of the implied warranty of fitness for a particular purpose; (2) breach of the implied warranty of merchantability on the grounds that "[t]he shingles were unfit for their ordinary purpose of use, that is, a roof on a residence functioning without the product being defective and protecting against leakage for thirty years"; (3) breach of an express warranty "that the shingles would last and provide a weatherproof barrier for a minimum period of thirty years from the date of installation"; and (4) violation of Chapter 93A, the Massachusetts consumer protection law. The complaint sought compensation for Bessette's actual damages, which had previously been estimated at $29,000, as well as treble damages and attorney's fees under Chapter 93A.

IKO removed the case on January 17, 2019 to the United States District Court for the District of Massachusetts based on diversity jurisdiction. Bessette v. IKO Indus., Inc., No. 4:19-cv-40017, 2020 WL 6110943, at *1 (D. Mass. Aug. 18, 2020). The District Court referred the case in late March to a magistrate judge for a report and recommendations and, on March 27, 2020, IKO moved for summary judgment.

- 4 -

A little less than a month later, the District Court referred IKO's motion for summary judgment to the Magistrate Judge to whom the case had been referred.  In a report filed on August 18, 2020, the Magistrate Judge recommended granting IKO's motion for summary judgment in full.  Id. at *1.  The District Court adopted the Magistrate Judge's report and recommendations on September 14, 2020.  Bessette then filed this timely appeal, in which he challenges the grant of summary judgment on his express warranty, implied warranty of merchantability, and Chapter 93A claims.  He does not appeal the grant of summary judgment to IKO on his implied warranty of fitness for a particular purpose claim.

## II.

Bessette first argues that the District Court erred in granting summary judgment to IKO on his claim for breach of an express warranty.  To explain why we find no merit to Bessette's challenge to the grant of summary judgment on this claim, it is helpful first to revisit what happened below.  With that background in place, it then will be clear why his challenge to the grant of summary judgment to IKO on this claim cannot succeed.

## A.

The Magistrate Judge noted in his report and recommendations that the record contained evidence of a written Limited Warranty by IKO for roof shingles that it had manufactured. Bessette, 2020 WL 6110943, at *2.  That written Limited Warranty

- 5 -

was dated June 1999, which was just after Bessette had purchased the shingles in question. Id. at *2 n.1. But, as the Magistrate Judge noted, Bessette (seemingly for good reason) is not attempting to enforce the Limited Warranty. Id. at *2. Instead, Bessette is seeking only to enforce an express warranty that he claims that IKO made to him that is distinct from IKO's Limited Warranty and that was not limited in the way that the Limited Warranty is.

Because under Massachusetts law Bessette bears the burden of establishing the existence of that warranty, see Brooks v. AIG SunAmerica Life Assurance Co., 480 F.3d 579, 586 (1st Cir. 2007), the critical question at the summary judgment stage concerns whether there is evidence in the record that suffices to permit a reasonable juror to find that Bessette can meet his burden to show that such an express warranty existed at the time that he purchased the shingles in question. In moving for summary judgment, IKO contended that there was no such evidence in the record.

IKO pointed out that Bessette was premising the existence of the warranty not on direct representations by IKO but solely on representations that had been made by Howe Lumber for the shingles that he had purchased, including through references in invoices "from Howe" to the shingles in question as being "30YR." See Bessette, 2020 WL 6110943, at *3. IKO then explained that it denied that Howe Lumber was acting as IKO's agent with respect to any such representation.

- 6 -

In addition, IKO contended in its motion for summary judgment on the express warranty claim that there was no need to resolve whether any such agency relationship existed (though it denied that one did), because the record indisputably showed that Bessette had not received the invoices in question prior to his purchase of (or agreement to purchase) the shingles in question. In this regard, IKO, citing Faro v. IKO Indus., Inc., No. 2017-0325, 2018 WL 915116, at *5 (N.H. Jan. 26, 2018) -- a case applying a New Hampshire statute, N.H. Rev. Stat. § 382-A:2-313, nearly identical to the Massachusetts provision concerning express warranties, Mass. Gen. Laws ch. 106, § 2-313 -- argued that Bessette's failure to show an affirmation from IKO that he was "aware of at the time [he] purchased the shingles," id., in and of itself precluded Bessette from relying on those invoices to establish the claimed express warranty under Massachusetts law.

Bessette's opposition to IKO's motion for summary judgment took on each of the contentions that the company had made. With respect to the agency issue in particular, Bessette did not suggest that he was relying on any representation made directly by IKO at the time of his purchase. Rather, he appeared to argue only that he was relying on representations made at the time by Howe but that Howe was acting on behalf of IKO in making them, such that IKO was bound by them, although Bessette did also assert

that "IKO itself describes the Weatherwood Chateau shingles as '30-yr.'"

With those filings in place, the Magistrate Judge then concluded that IKO was entitled to summary judgment on the express warranty claim. Bessette, 2020 WL 6110943, at *4. But, in doing so, the Magistrate Judge did not rely on either the agency-based or timing-related grounds that IKO had raised in its motion for summary judgment on Bessette's express warranty claim. Instead, the Magistrate Judge relied on the distinct ground that the "30YR" reference to the shingles contained in the invoices from Howe -- or any other similar description of them made verbally by Howe -- was not "specific" enough to permit a reasonable juror to find that the express warranty that Bessette is trying to enforce existed, no matter when it had been made or who had made it. See id. at *3-4. As the Magistrate Judge put it, "Bessette failed to create a triable issue for his breach of express warranty claim because he has not demonstrated what specific promise or specific result IKO made with regard to his shingles." Id. at *4.

Bessette filed objections to the Magistrate Judge's report and recommendations, in which Bessette took issue with the Magistrate Judge's specificity ruling. In doing so, Bessette did not address either of the grounds that IKO had advanced in its motion for summary judgment and that Bessette had addressed in his opposition to that motion but that the Magistrate Judge had not

relied upon in concluding as he did. The District Court then adopted the Magistrate Judge's report and recommendations without comment and entered summary judgment in favor of IKO on Bessette's express warranty claim. Id.

**B.**

On appeal, Bessette again takes issue with the conclusion that the representations from Howe were not sufficiently specific to constitute the claimed express warranty. He contends that a juror reasonably could find that the "30YR" description of the shingles (which was set forth in the invoices from Howe) was specific enough -- even in the face of the written Limited Warranty -- to establish a distinct express warranty that the shingles would not deteriorate in the way that he contends that they did and that this express warranty was not limited in the way that the written Limited Warranty was. Or, at least, he contends that a juror could so find, given the affidavit that he introduced into the record from a contractor, Jon Lapin, about what "thirty-year" would have meant to purchasers.

But, we need not resolve whether a representation that shingles are of the "30YR" sort -- in light of an affidavit from an experienced contractor like the one that Lapin provided here -- could be specific enough to establish an express warranty of the kind that Bessette contends was made. For, even if we were to assume without deciding that Bessette is right on that point of

law, the defendant still is entitled to summary judgment. See Lin v. TipRanks, Ltd., 19 F.4th 28, 36 (1st Cir. 2021) ("We, of course, may affirm the District Court's ruling on any ground manifest in the record.").

The problem for Bessette is that he is not asserting that the record supportably shows that IKO itself directly made any representation to him at the time of the purchase of the shingles in 1999 that could itself have established the claimed express warranty. Instead, he relies exclusively on evidence in the record about representations made to him at that time by Howe or its employees. But, as the Magistrate Judge noted, Bessette bears the burden under Massachusetts law of establishing that Howe was acting as IKO's agent in making the representations that he contends established the binding warranty by IKO. Bessette, 2020 WL 6110943, at *4 n.2 (citing Bennett Importing v. Cont'l Airlines, No. Civ.A. NO. 87 CV 29, 1998 WL 34031697, at *4 (D. Mass. Dec. 27, 1998)). Thus, for his claim to advance in the face of IKO's motion for summary judgment, he must show how the record would permit a reasonable juror to find that Howe was so acting. See Goldman v. Barnett, 793 F. Supp. 28, 32 (D. Mass. 1992).

But, on that score, Bessette is effectively silent on appeal. He does assert that the Magistrate Judge agreed that IKO "has expressly provided a warranty of some kind that applies in a 30-year period." But, aside from the fact that this assertion

- 10 -

misdescribes the Magistrate Judge's ruling insofar as it is intended to assert that the Magistrate Judge found that Howe was IKO's agent in making the "30YR" representation or its equivalent, our review is de novo, Performance Trans., Inc. v. Gen. Star Indem. Co., 983 F.3d 20, 24 (1st Cir. 2020), and so any such "finding" by the Magistrate Judge is not binding on us.[2]

What, then, is there to show that the representations in question were IKO's? Bessette does point in his opening brief on appeal to the affidavit from Lapin, which he contends suffices to show the nature of the 30-year express warranty that he claims IKO made to him through the invoices. But, while Lapin's affidavit may bear on the specificity issue that the Magistrate Judge concluded was dispositive, it does not purport to establish the existence of any representation from IKO to Bessette that the 30-year express warranty that Bessette seeks to enforce (and not the Limited Warranty) was in place. Nor does Lapin's affidavit purport to establish that Howe was acting as IKO's agent in making any representation that could constitute an express warranty. Thus, Lapin's affidavit is of no help to Bessette on this critical point.

---

[2] The Magistrate Judge also did not determine the merits of IKO's contention that the timing of Bessette's receipt of the invoices precluded them from establishing the claimed express warranty. Rather, the Magistrate Judge merely analyzed Bessette's claim as if the timing of Bessette's receipt of the invoices were no bar.

- 11 -

In the "facts" section of Bessette's opening brief to us, he does state that the record shows that "before buying the shingles [Bessette] called Howe and discussed the purchase of the shingles with John. The shingles offered were described to Bessette as IKO 25 and 30 year." Bessette then asserts in his reply brief that "IKO concedes [that] Bessette was told at the time of purchase [that] there was a 30-year warranty" on the shingles. But, Bessette does not contend that the record shows that he was told as much by IKO rather than by Howe. Nor could he.

The record is devoid of any evidence of IKO having made any such representation to him at the relevant time. Thus, neither the assertion about what IKO concedes nor the assertion that the reference to the "warranty" that he was told about was not the Limited Warranty helps Bessette show what he must: that the record would permit a juror reasonably to find that Howe was acting as IKO's agent in telling him that there was a warranty of the kind on which his express warranty claim depends. And, yet, Bessette points to no other evidence that could fill that gap.

In sum, because Bessette has failed to show how a juror could reasonably find on this record that IKO itself made any representation of the sort on which his claim depends or that Howe made such a representation while acting as IKO's agent in making it, he has not countered IKO's motion for summary judgment. We

thus see no basis for overturning the grant of summary judgment to IKO on Bessette's express warranty claim.

### III.

Bessette separately argues that a reasonable juror could find that IKO breached the implied warranty of merchantability by selling him shingles that deteriorated when he contends that they did. The Magistrate Judge's report, which the District Court adopted, concluded that this claim was time-barred under the four-year limitations period that applies under Massachusetts law to contractual claims for breach of implied warranties. Bessette, 2020 WL 6110943, at *5. We review this determination de novo, see Performance Trans., Inc., 983 F.3d at 24, and because we conclude that the claim is time-barred just as the Magistrate Judge concluded, we (mercifully) need not review the filings that preceded that ruling as we just did with respect to the express warranty claim.

The Massachusetts Supreme Judicial Court ("SJC") has explained that the breach of the implied warranty of merchantability "provides a cause of action in tort where the harm is a physical injury to person or property." Commonwealth v. Johnson Insulation, 682 N.E.2d 1323, 1326 (Mass. 1997). Tort claims under Massachusetts law are subject to a three-year limitations period that accrues at "the date the injury and damage occurs." Mass. Gen. Laws ch. 106, § 2-318; see also Bay State-

- 13 -

Spray & Provincetown S.S., Inc. v. Caterpillar Tractor Co., 533 N.E.2d 1350, 1352-53 (Mass. 1989) (discussing the distinct limitations periods for contract versus tort claims).

Bessette, however, cannot benefit from this accrual rule on his implied warranty of merchantability claim. He has not alleged that the shingles were defective in a way that caused personal injury or damaged other property. Rather, he alleges an economic injury of "ha[ving] to have the roof replaced." Under Massachusetts law, when a claim for breach of an implied warranty of merchantability alleges "an 'economic' loss of value in the product itself," that claim sounds in contract. See Johnson Insulation, 682 N.E.2d at 1326 (quoting Bay State-Spray, 533 N.E.2d at 1353-55). As a general matter, "a cause of action [for breach of contract under Massachusetts law] accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Mass. Gen. Laws ch. 106, § 2-725. And, in accord with this general rule, "[a] breach of warranty occurs when tender of delivery is made." Id.

To be sure, Massachusetts law recognizes an exception to this general accrual rule "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance." Id. But, "an implied warranty, by its very nature, cannot explicitly extend to future performance." New England Power Co. v. Riley Stoker Corp., 477

- 14 -

N.E.2d 1054, 1056 n.4 (Mass. App. Ct. 1985) (quoting Holdridge v. Heyer-Schulte Corp. of Santa Barbara, 440 F. Supp. 1088, 1104 (N.D.N.Y. 1977)); see also Howard v. IKO Mfg., Inc., 2011 Mass. App. Div. 191, 2011 WL 2975813, at *3 (2011). Thus, Bessette's implied warranty of merchantability claim is subject to § 2-725(1)'s four-year limitations period for claims of breach of implied warranty that sound in contract, see Bay State-Spray, 533 N.E.2d at 1353, and the claim itself accrues from tender of delivery, Mass. Gen. Laws ch. 106, § 2-725(2). That being so, the claim is time-barred, just as the District Court ruled, given that tender of delivery occurred in 1999 and Bessette filed suit in 2018. Bessette, 2020 WL 6110943, at *5.

Bessette does attempt to overcome this time bar by invoking Johnson Insulation. There, the SJC held that "[t]he absence of adequate warnings as to the hazards of asbestos rendered [the defendant's insulation] products unreasonably dangerous, in breach of [the implied] warranty [of merchantability]." 682 N.E.2d at 1331. Bessette contends in his brief that because the record supportably shows that "the shingles at only 16 or 17 years of their life expectancy of 30 years had no fire retardancy and therefore posed an unreasonable risk of injury to those in the home and fire damage to the house," his case is no different. But, Bessette's claimed damages are limited to the cost of replacing his shingles, which distinguishes this case from Johnson

Insulation. There, the SJC made clear that the Commonwealth's injury was not "[t]he cost of asbestos abatement." 682 N.E.2d at 1333. Rather, it was the "injury to the Commonwealth's property [that] occurred when asbestos-containing products were installed in its buildings." Id. In contrast, Bessette does not argue that the allegedly defective shingles damaged his property by their very installation. Rather, he focuses on the fire risk the shingles purportedly created over time -- a risk that fortunately did not ripen into actual injury to person or property. Thus, Bessette's only injury is the loss in the value of the shingles themselves. Because this injury is fundamentally an economic one, Johnson Insulation offers him no support. See Restatement (Second) of Torts § 402A (1965) ("One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property . . . ."); Johnson Insulation, 682 N.E.2d at 1326-27.

**IV.**

Bessette also challenges the grant of summary judgment to IKO on his Chapter 93A claim, which is premised on the allegation that IKO "failed, neglected, or refused to make a reasonable offer of settlement under the surrounding circumstances." The District Court granted summary judgment on this claim based on the Magistrate Judge's conclusion in the report

and recommendations that "Bessette's Chapter 93A claim is derivative of his underlying breach [of contract] claims." Bessette, 2020 WL 6110943, at *5 (citing Pimental v. Wachovia Mortg. Corp., 411 F. Supp. 2d 32, 40 (D. Mass. 2006)).

In challenging this ruling on appeal, Bessette states in his brief to us that his Chapter 93A "claim is premised on a breach of . . . express and implied warranties." He nonetheless appears to be asserting that, even if that is so, and none of those claims can survive summary judgment, his Chapter 93A claim still can survive insofar as it is premised on the nature of the settlement offer that IKO made. But, Bessette develops no argument that such a Chapter 93A claim is a viable one under Massachusetts law and instead merely asserts that it is. Thus, any argument in support of such a claim is waived for lack of development, see Braintree Lab'ys, Inc. v. Citigroup Glob. Mkts. Inc., 622 F.3d 36, 43-44 (1st Cir. 2010) (holding that arguments made cursorily in an opening brief, with "slight development in the reply brief," are waived), and so we need not probe the question any further.

**V.**

We come, then, to Bessette's various fallback arguments. We consider each of them in turn, though we are not persuaded by any of them.

The first concerns Bessette's preserved challenge to the denial of his motion to compel discovery or for a default judgment

based on IKO's alleged failure to provide discovery. On appeal, Bessette "focus[es] on" IKO's allegedly "bad faith" responses to two interrogatories, which respectively asked IKO to "set forth what you mean by describing [shingles, including those sold to Bessette] as either a '25 year' or '30 year' shingles [sic]," and to describe "all testing or evaluation done and the results [thereof]" by IKO on the shingles sold to Bessette. But, in finding no merit to the motion, the Magistrate Judge concluded that "any order requiring IKO to supplement its discovery responses would not alter" the disposition of the case, Bessette, 2020 WL 6110943, at *6, and Bessette fails to explain how the specific discovery responses that he challenges on appeal would salvage his time-barred implied warranty claim, his express warranty claim that fails for lack of a representation attributable to IKO, or his derivative Chapter 93A claim. See Dennis v. Osram Sylvania, Inc., 549 F.3d 851, 860 (1st Cir. 2008) (affirming denial of discovery motions where production sought would not have affected the case's outcome). Thus, Bessette fails to show that the denial of his discovery motion below should be disturbed by this Court.

Bessette also argues that the District Court improperly granted summary judgment to IKO because it did so without giving prior notice and on grounds that IKO did not raise. See Fed. R. Civ. P. 56(f). Our review is de novo. See John G. Alden, Inc.

of Mass. v. John G. Alden Ins. Agency of Fla., Inc., 389 F.3d 21, 24 (1st Cir. 2004).

Bessette's contention about a lack of notice relies in part on a docket entry from June 15, 2020. But, that entry plainly states that it is an "ELECTRONIC NOTICE Setting Hearing on . . . 38 MOTION for summary judgment . . . Motion Hearing set for 7/21/2020," and IKO's motion for summary judgment is docket number 38. Moreover, IKO filed that motion on March 27, 2020, and Bessette had filed a motion in opposition to it on April 7. Furthermore, after the Magistrate Judge issued his report and recommendations but before the District Court adopted it, Bessette filed objections to that report in which he argued against summary judgment on the merits, without making any contention that he lacked notice. Thus, we see no merit to this challenge.

We also are not persuaded by Bessette's contention that the District Court's grant of summary judgment must be vacated because the Magistrate Judge (and thus the District Court) granted summary judgment against him based on grounds not advanced by IKO. See Fed. R. Civ. P. 56(f)(2). In affirming that summary judgment, we proceed de novo, and we restrict our decision to grounds advanced and addressed below by IKO. So, there is no question that Bessette had notice of the need to marshal all evidence he had in opposition to those grounds.

In pressing these two latter, fallback contentions Bessette does argue that Leyva v. On The Beach, Inc., 171 F.3d 717 (1st Cir. 1999) supports him. But, because that case involved a sua sponte grant of summary judgment on claims for which no summary judgment motion was pending, Leyva, 171 F.3d at 719, it has no bearing here.

## VI.

For the reasons discussed above, we affirm the District Court's grant of summary judgment to IKO on the three claims that Bessette brought against the company and that are at issue in this appeal.